HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARL WENGELER,

    Plaintiff,

    v.

LAUREN KING, *et al.*,

    Defendants.

Case No. 22-cv-1457-RAJ

**ORDER**

## I. INTRODUCTION

This matter is before the court *sua sponte*. For the reasons below, the Court dismisses the action with prejudice.

## II. BACKGROUND

From what the Court can ascertain, Plaintiff brings a substantially similar action to the one dismissed with prejudice in *Wengeler v. Yellen*, Case No. 22-cv-666-LK (W.D. Wash. 2022). Specifically, Plaintiff appears to allege that Craft3, a local non-profit lender and Community Development Financial Institution ("CDFI"), refused to provide him with a $250,000 loan for his "DEI consulting and advising business" due to his race. Dkt. # 6-1 at 31. Craft3 declined to approve the loans because Plaintiff lacked adequate collateral, could not provide reasonable assurance of his ability to repay the loans, and was delinquent on existing credit obligations—among other facially neutral criteria. *See id*. Plaintiff nonetheless advances that the Department of Treasury, the Office of the Controller of

ORDER – 1

Currency ("OCC"), and Craft3 are engaged in a racist conspiracy "empower 'socioeconomic 'white' supremacy.'" *Id.* at 32. This complaint adds allegations of legal error against Judge Lauren King and other members of the federal judiciary based on their handling of Plaintiff's previous complaint in *Wengeler v. Yellen*. *See, e.g.*, *id.* at 39. In addition to filing this new complaint, Plaintiff asks the Court to appoint counsel and issue a temporary restraining order against Defendants. *See* Dkt. # 4.

## III.  DISCUSSION

Proceeding *in forma pauperis*, Plaintiff's complaint is subject to *sua sponte* review and must be dismissed if it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). A complaint fails to state a claim if it "does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). Accordingly, even as to *pro se* complaints, "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

With respect to his loan denial, Plaintiff fails to supply factual details regarding any defendant other than Craft3. And as in *Wengeler v. Yellen*, Plaintiff does not coherently explain how Craft3 violated the law beyond conclusory assertions about systemic racism and white supremacy. *See Whitaker*, 985 F.3d at 1176 (explaining that the complaint in *Iqbal* was "defective" because it included "only conclusory assertions of discrimination without factual allegations that plausibly gave rise to an entitlement of relief").

ORDER – 2

Furthermore, the claims stemming from his loan denial are precluded. A "claim" for the purpose of the preclusion doctrine consists of a common nucleus of operative facts. *Rains v. State*, 674 P.2d 165 (1983); *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). Preclusion applies not only to claims that were made, but also to claims that could have been made, in the earlier case. *Witte v. Old Nat'l Bank*, 189 P.2d 250 (1948).

Plaintiff's claims against Judge King and other members of the judiciary fair no better. "Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter." *Sires v. Cole*, 320 F.2d 877, 879 (9th Cir. 1963); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (explaining that a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority). A like immunity extends to other government officers whose duties are related to the judicial process. *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (explaining that the clerk of court and deputy clerks qualify for quasi-judicial immunity unless acts were done in the clear absence of all jurisdiction); *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964) (duties of clerks, bailiffs, and court reporters all relate to the judicial process). Therefore, allegations where judicial officers are carrying out duties related to the judicial process, such as interpreting the law and issuing orders, fall within the purview of judicial or quasi-judicial immunity. *Id.*

For the reasons stated above, the Court **DISMISSES** Plaintiff's complaint with prejudice. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect"). The Court **DENIES** all pending motions as moot. Dkt. # 4.

### IV.  CONCLUSION

For the reasons stated above, the Court **DISMISSES** Plaintiff's complaint with

ORDER – 3

prejudice.  The Court **DENIES** all pending motions as moot.  Dkt. # 4. Additionally, Plaintiff's *in forma pauperis* status is **REVOKED** for the purposes of appeal because any appeal from this matter would be frivolous and not taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (internal quotation omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Clerk shall enter **JUDGMENT** and close this case.

DATED this 30th day of November, 2022.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4